IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

TOMMY LEE HAUSEY,                )
AIS# 158914                      )
                                 )
        Plaintiff,               )
                                 )
vs.                              )       Case No. CV-96-H-0938-E
                                 )
TED HOOKS, Circuit Court         )
Clerk; BARBARA CRAFT, Former     )
Circuit Court Clerk;             )       **ENTERED**
and PETRA THOMAS,                )
                                 )       **MAR 2 6 1997**
        Defendants.              )

MEMORANDUM OF OPINION

     Plaintiff, Tommy Lee Hausey, an inmate in the Alabama
penal system presently incarcerated at the Limestone Correctional
Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983,
alleging that he has been deprived of rights, privileges, or
immunities afforded him under the Constitution or laws of the
United States of America.  As defendants, Hausey names the present
Calhoun County Circuit Court Clerk Ted Hooks, former Circuit Court
Clerk Barbara Craft, and Court Specialist Petra Thomas.  Hausey
alleges that the defendants prevented him from perfecting an appeal
from the denial of his Rule 32 petition for post-conviction relief.
As compensation for the alleged constitutional violations, Hausey

35

seeks $13.89 million in punitive damages and various other forms of injunctive and declarative relief.

The Court entered an Order for Special Report directing that copies of the complaint in this action be forwarded to each of the named defendants and requesting that they file a special report addressing the factual allegations of the complaint. The defendants were advised that the special report could be submitted under oath or accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to *Rule 56* of the *Federal Rules of Civil Procedure*. By the same Order, Hausey was advised that after he received a copy of the special report submitted by the defendants he should file counter-affidavits if he wished to rebut the matters presented by defendants in the special report. Hausey was further advised that such affidavits should be filed within twenty days after receiving a copy of the defendant's special report.

Defendants filed a special report accompanied by certified court documents and the affidavits of Barbara Craft, Ted Hooks, and Petra Thomas. Defendants later submitted a supplemental special report accompanied by certified court documents and the affidavit of Ted Hooks. After defendants submitted their special report, Hausey was notified that he would have twenty days to respond to the motion for summary judgment, filing affidavits or

2

other material if he chose.  Hausey was advised of the consequences
of any default or failure to comply with *Fed. R. Civ. P. 56. See
Griffith v. Wainwright,* 772 F.2d 822, 825 (11th Cir. 1985).   After
obtaining several extensions of time, Hausey filed an "objection of
special report" that is neither sworn nor made under penalty of
perjury.  This document is clearly not an affidavit as required by
Fed.R.Civ.P. 56(e), nor does it satisfy the verification requirement
of 28 U.S.C. § 1746.  Consequently, Hausey's "objection of special
report" will not be considered in determining the propriety of
summary judgment. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir.
1980); *Inmates, Washington County Jail v. England*, 516 F. Supp.
132, 138 (E.D. Tenn. 1980), *aff'd,* 659 F.2d 1081 (6th Cir. 1981).
*See also Nicholson v. Georgia Dep't of Human Resources*, 918 F.2d
145, 148 n.1 (11th Cir. 1990).  To the extent "specific facts" are
pled in the sworn complaint, however, they will be considered in
opposition to defendants' special report. *See Perry v. Thompson,*
786 F.2d 1083 (11th Cir. 1987).

### Summary Judgment Standard

Because the defendants' special report is being treated
as a motion for summary judgment, the court must determine whether
the defendants are entitled to judgment as a matter of law.

3

Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991). As the Eleventh Circuit has explained:

4

> Facts in dispute cease to be "material" facts
> when the plaintiff fails to establish a prima
> facie case.  "In such a situation, there can
> be 'no genuine issue as to any material fact,'
> since a complete failure of proof concerning
> an essential element of the non-moving party's
> case necessarily renders all other facts
> immaterial."  Thus, under such circumstances,
> the public official is entitled to judgment as
> a matter of law, because the plaintiff has
> failed to carry the burden of proof.  This
> rule facilitates the dismissal of factually
> unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted).

## Discussion

In his complaint, Hausey makes the following allegations on penalty of perjury:

> On the 2nd day of March, 1992, Judge Sam Monk
> noted Appellant Tommie Lee Hausey['s] desire
> to appeal a decision of a Rule 32 denial.
> Judge Monk ordered the Clerk of Court to serve
> a Docketing Statement/Reporters Transcript
> Order on Appellant.  However, said forms were
> never served upon Appellant.  On the 21st day
> of August, 1992, Hon. Lane Mann, Clerk, Ala-
> bama Court of Criminal Appeals apprised appel-
> lant that he did not have an appeal pending in
> said Court and requested that the Circuit
> Court of Calhoun County, Alabama, advise the
> appellant of his Notice of Appeal in a written
> letter.  The Court of Calhoun County never did
> contact appellant as requested by Criminal
> Court of Appeal Clerk.  Therefore no appeal
> was done.

5

Plaintiff Hausey offers no documentary evidence to support these assertions.

As noted above, defendants have filed certified copies of pertinent court records. These records establish that Hausey was convicted upon his plea of guilty in the Circuit Court of Calhoun County, Alabama; that he subsequently filed in that court a petition for post-conviction relief pursuant to Rule 32, ALA.R.CRIM.P.; that attorney H. Wayne Love was appointed to represent him on the Rule 32 petition; and that Calhoun Circuit Court Judge Samuel H. Monk denied the Rule 32 petition in a written order dated January 21, 1992. The court records also include a copy of a letter written to Hausey by attorney Love. That letter, which is dated February 4, 1992, and addressed to Hausey at Draper Correctional Facility, reads as follows:

> I have picked up a copy of the order dated January 21, 1992.
>
> You, of course, have the right to appeal the order. *This must be done within 42 days of the order.* If you wish to appeal, you should sign the enclosed notice, answer the questions in the motion and affidavit, have the motion and affidavit notarized and return both to me immediately. On the motion, write your answers in the blanks after the questions.
>
> Your probability of winning an appeal in this case is remote, but you must decide if you want to try.

6

(Underlining in original; italics added.)

It does not appear that Hausey returned the motion and affidavit to attorney Love. Instead, he filed a "Motion to Discharge Appointed Counsel Pursuant to Rule 1.16 A.R.C.P.," asserting that a "conflict of interest" existed because attorney Love "assumes that the Petitioner's probability of winning this case on appeal is remote, as shown through a letter received by Petitioner from Attorney H. Wayne Love noted [as] exhibit A." This motion was stamped "filed" in the Circuit Court on February 25, 1992, and was docketed on the case action summary as "Motion to discharge appointed counsel." The certificate of service attached to the motion recites that the motion was mailed on February 24, 1992.

On March 2, 1992, Circuit Judge Monk entered an order, the body of which is reproduced below in its entirety:

### ORDER:

The Defendant in the above-styled case [Hausey] has filed with the Court a "Motion to Discharge Appointed Counsel Pursuant to Rule 1.16 A.R.C.P." The Court cannot determine the authority to which the Defendant cites the Court in this case as there is no such rule or quoted provision under the Alabama Rules of Criminal Procedure.

7

It appears that the Defendant does wish to appeal the denial of his Rule 32 Petition. It is therefore ordered as follows:

1.   As requested by the Defendant, H. Wayne Love, Esq., is hereby discharged from further responsibility in this case.

2. The Defendant's notice of desire to appeal is noted by the Court; however, the Defendant shall be required to proceed pro se as additional counsel will not be appointed by the Court.

3.   An in forma pauperis appeal in this case is hereby authorized.

Done and ordered this 2nd day of March, 1992.

The notation on the case action summary concerning this order reads as follows:

    3-2-92      Order -- WLove discharged --
                In forma pauperis appeal granted --
                cc: DA, WLove & Def
                (mailed Def Docketing Statement
                and court reporters purchase order)

In a letter addressed to Hausey, dated August 21, 1992, the Clerk of the Alabama Court of Appeals stated:

The Court has instructed this office to inform you that you do not have an appeal pending on the docket of this Court. We are, by copy of this letter, requesting the Circuit Court of Calhoun County to advise you as to the status of any notice of appeal that you may have given in that court in April 1992.

8

The case action summary reveals that a copy of this letter was received by the Calhoun Circuit Court on August 24, 1992. In her answers to interrogatories propounded by Hausey, defendant Craft indicates that the clerk's office did not correspond with Hausey because "no written appeal was filed."

The next entry on the case action summary is dated March 6, 1995, referencing the filing of a "Petition for Transcript of Evidentiary Hearing." On March 27, 1995, a "Motion for Probable Cause" was docketed, and on June 20, 1995, a "Motion for an Out-Of-Time Appeal" was docketed. The disposition of these motions does not appear on the case action summary.[1]

At the time of the events Hausey complains of, defendant Petra Thomas was an employee in the Calhoun Circuit Court Clerk's Office and defendant Barbara Craft was the Calhoun Circuit Court Clerk. Defendant Craft held the position of Circuit Court Clerk until January 16, 1995, when she was succeeded by defendant Ted Hooks. Defendant Hooks states in his affidavit dated July 3, 1996, that he "was not employed in the Circuit Court Clerk's office at any time mentioned in Mr. Hausey's allegations."

---

[1] Plaintiff Hausey does not appear to make any claims concerning these motions.

Claims Against Defendant Hooks

It is undisputed that defendant Hooks was neither serving as the Calhoun Circuit Court Clerk nor employed in that office in 1992, when the events Hausey complains of occurred. Because Hausey does not complain of any conduct by defendant Hooks, the claims against him are insufficient to state a cause of action under 42 U.S.C. § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (one of the two essential elements in any § 1983 action is that "the conduct complained of was committed by a person acting under color of state law"), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Accordingly, all claims against defendant Hooks are due to be dismissed.

Claims Against Defendants Craft and Thomas.

Plaintiff Hausey alleges that defendants Craft and Thomas failed to serve him with copies of the forms he needed to perfect his appeal from the denial of his petition for post-conviction relief. He seeks both damages and forms of injunctive relief to effectively perfect an appeal.

1. Denial of Right to Appeal

To the extent that Hausey's assertions can be construed simply as a claim that he has been denied his right to appeal, it

10

is clear that he cannot prevail on such a claim.  Section 1983 "is not itself a source of substantive rights"; it is, instead, "a method for vindicating federal rights elsewhere conferred by... the United States Constitution and federal statutes." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979) (*quoted in part in Albright v. Oliver*, 510 U.S. 266, 271 (1994)).  "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the [federal] Constitution and laws.'" *Baker v. McCollan*, 443 U.S. at 139.   It is clear "that there is no federal constitutional right to state appellate review of state criminal convictions." *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975).   Nor is there a federal constitutional right to state appellate review in state civil actions. *See M.L.B. v. S.L.J.*, ___ U.S. ___, 117 S.Ct. 555 (1996).  A post-conviction proceeding under Rule 32, ALA.R.CRIM.P., is a collateral attack upon a state criminal conviction, although it is civil in nature. *See Mayes v. State*, 563 So. 2d 38 (Ala. Crim. App. 1994).   There is simply no federal constitutional right to state appellate review of such a proceeding.  Plaintiff's claim that defendants denied him his right to an appeal is therefore not cognizable under § 1983 and is due to be dismissed.

11

2.   Denial of Due Process

Hausey also appears to claim that he has been denied access to the courts in violation of his due process rights. "The right of access to the courts... is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). While "due process does not independently require that the State provide a right to appeal," *M.L.B. v. S.L.J.*, ___ U.S. at ___, 117 S.Ct. at 566, once the State "provides a right to appeal, it must meet the requirements of due process," *Rheuark v. Shaw*, 628 F.2d 297, 302 (5th Cir. 1980), *cert. denied*, 450 U.S. 931 (1981).

Rule 32.10, Ala.R.Crim.P., provides that any party may appeal the circuit court's decision regarding a Rule 32 petition to the Alabama Court of Criminal Appeals "according to the procedures of the Alabama Rules of Appellate Procedure." Rule 3(a)(2), ALA.R.APP.P., provides, in pertinent part:

> In criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken by filing a <u>written notice of appeal</u> with the clerk of the trial court within the time allowed by Rule 4 [which is 42 days from the date of the order appealed from].... On the date the notice of appeal is filed, the clerk of the trial court shall

12

serve copies of the notice of appeal on the
persons specified by (d)(2) of this rule.

(Emphasis added.)   Rule 3(d)(2) requires the clerk of the trial
court to serve the written notice of appeal "upon each of the
following: the clerk of the appropriate appellate court; the
reporter who reported the evidence; the defendant; the defendant's
appellate counsel; the district attorney of the circuit in which
the trial court is situated; and the Attorney General."   Rule 3(c)
provides that "[t]he notice of appeal shall specify the party or
parties taking the appeal; shall designate the judgment, order or
part thereof appealed from; and shall name the court to which the
appeal is taken."   A docketing statement is to accompany the notice
of appeal when it is filed with the clerk of the trial court.
Rule 3(e), ALA.R.APP.P.   "However, the appellant's failure to file
the docketing statement with the notice of appeal shall not affect
the validity of the notice of appeal."   *Id.*   No filing fee is
required to perfect an appeal from the denial of a Rule 32
petition.

       In this case, it is undisputed that Hausey received a
letter from his appointed attorney informing him that if he wished
to appeal, he must do so within 42 days of the January 21, 1992,
order, which would have been March 3, 1992.   This letter apparently

13

included a form notice of appeal for plaintiff to sign.  It is clear from the "Motion to Discharge Appointed Counsel" that Hausey received this letter; Hausey does not claim that the letter did not contain a notice of appeal.  Despite the fact that he had been provided the necessary form by his attorney, it is undisputed that Hausey did not file a properly identified "Notice of Appeal." Instead, with only a week remaining in his 42-day period in which to file his notice of appeal, Hausey filed a "Motion to Dismiss Appointed Counsel."  The trial court granted this motion on March 2, 1992, which was only one day before the expiration of the 42-day period Hausey had in which to file a notice of appeal.[2]

It is clear that defendants Craft and Thomas did not deem the "Motion to Discharge Appointed Counsel" to be a notice of appeal.  The case action summary contains no reference to a notice of appeal having been filed or to a notice of appeal having been served on the Court of Criminal Appeals and the Attorney General as required by Rule 3(d)(2), ALA.R.APP.P.  The "Motion to Discharge Appointed Counsel" clearly did not contain the verbiage expected in a notice of appeal.  While Judge Monk stated in his order of March 2, 1992, that Hausey's "notice of desire to appeal is noted by the Court," he did not specifically state that Hausey's "Motion

---

[2]Because this was a petition for post-conviction relief, plaintiff was not constitutionally entitled to the appointment of counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

to Discharge Appointed Counsel" would be deemed a notice of appeal, nor did he direct the clerk's office to treat this motion as a notice of appeal.  Contrary to Hausey's assertion, Judge Monk did not "order the Clerk of Court to serve a Docketing Statement/Reporters Transcript Order on [Hausey]."  The notation in the case action summary recites that these items were mailed to Hausey, but it is unclear whether he received them.  Be that as it may, it is clear that under Rule 3(e), had Hausey merely failed to file a Docketing Statement, it would not have affected the validity of a timely filed notice of appeal. Hausey does not even allege, however, that he filed a properly identified notice of appeal within the 42-day period provided by Rule 4(b), ALA.R.APP.P.[3]  The failure to file a timely notice of appeal "is a jurisdictional defect," *Buchanan v. Young*, 534 So. 2d 263, 264 (Ala. 1988).  It thus appears that Hausey's appeal was not perfected due to Hausey's own failure to file a properly identified "Notice of Appeal" within the 42-day period.

Hausey also complains that defendants failed to contact him after their receipt of a copy of the August 21, 1992, letter to Hausey from the clerk of the Alabama Court of Criminal Appeals.

---

[3]The Court notes that Hausey's "Motion to Discharge Appointed Counsel" is typewritten and has an appropriate heading containing the case style and case number.  In view of this fact and the fact that his appointed attorney had sent him a notice of appeal that he could have used as a "go-by," it is apparent that Hausey could have filed a properly identified notice of appeal.

15

While defendants took no action with regard to this letter, it appears that they did not do so because there was no indication on the case action summary that Hausey had ever filed a notice of appeal.  Had defendants written Hausey and informed him of this fact, it clearly would <u>not</u> have enabled him to perfect his appeal in a timely manner.  It does not appear that Hausey pursued the matter with the Calhoun County Circuit Clerk's Office.  The Court notes that Hausey did not file a motion for an out-of-time appeal until almost three years later.

It has long been the law in Alabama that "[t]he appellant is under the duty of seeing that his appeal is perfected according to the requirements of the statutes and rules of the court." *Orum v. State*, 286 Ala. 679, 680, 245 So. 2d 831, 832 (1971).  *Accord, e.g., Zills v. Brown*, 382 So. 2d 528, 530 (Ala. 1980); *Marquis v. State*, 439 So. 2d 197, 199 (Ala. Crim. App. 1983).  The Alabama procedural requirements for perfecting an appeal from the denial of a petition for post-conviction relief are clearly not unduly burdensome and, in and of themselves, cannot be said to violate due process. *See generally M.L.B. v. S. L. J.*, ___ U.S. ___, 117 S.Ct. 555 (1996).  Although he had no constitutional right to appointed counsel in connection with his petition for post-conviction relief, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), Hausey

16

had been appointed counsel who would have perfected the appeal had Hausey completed the documents as the attorney requested.   Instead, Hausey chose to have this attorney discharged and to proceed with the appeal himself.   As the United States Supreme Court has observed, self-representation "is not a license not to comply with relevant rules of procedural and substantive law." *Faretta v. California*,   422 U.S. 806, 834 n.46 (1975).

The Court finds that the failure to perfect the appeal from the denial of the petition for post-conviction relief was due to Hausey's own actions in failing to file a properly identified notice of appeal in a timely manner.[4]   Under the circumstances presented by this case, it cannot be said that defendants violated Hausey's due process rights.   Consequently, defendants Craft and Thomas are entitled to summary judgment.

Immunity Defenses

In their special report the defendants raise the defenses of judicial immunity and qualified immunity.   Judges named as defendants in § 1983 actions are entitled to the defense of

---

[4]A WestLaw search reveals that, on February 14, 1996, the Alabama Court of Criminal Appeals dismissed an appeal by Hausey. *Hausey v. State*, 683 So. 2d 1075 (Ala. Crim. App. 1996) (Table). This Court has obtained a copy of the docket sheet from the Alabama Court of Criminal Appeals. The docket sheet reveals that the appeal was from the denial of a Rule 32 petition and that the appeal was dismissed due to Hausey's failure to file an appellate brief. Before dismissing the appeal, the Court of Criminal Appeals had, on its own motion, granted Hausey a fourteen day extension of time in which to file his brief.

absolute judicial immunity and are not subject to liability for damages for actions committed within their jurisdiction. *Pierson v. Ray*, 386 U.S. 547 (1967); *Stump v. Sparkman*, 435 U.S. 349 (1978). Judicial immunity is extended to "those officials with discretionary power similar to that exercised by a judge." *Scott v. Dixon*, 729 F.2d 1542, 1546 (11th Cir. 1983), *cert. denied*, 469 U.S. 832 (1984). Court clerks "have absolute [judicial] immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981). *See also Roland v. Phillips*, 19 F.3d 552, 556 n.4 (11th Cir. 1994). It does not appear that, in the present case, defendants Craft and Thomas were acting pursuant to a specific court order or at a judge's direction. Rather, they were merely performing the functions of the office of the court clerk.

Government officials exercising a discretionary function are entitled to qualified immunity from damages unless their acts or decisions contravene clearly established constitutional or statutory rights of which a reasonable official should have knowledge. *See Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The "contours of the rights must be sufficiently clear that a reasonable official would understand

18

that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 636, 641 (1987). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). As the Eleventh Circuit has explained, "[f]or qualified immunity to be surrendered, pre-existing law must dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates the law *in the circumstances*." *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1150 (11th Cir. 1994) (en banc) (emphasis in original), *quoted in McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir. 1995). Once a defendant establishes that the act or decision complained of was within his discretionary function, the burden of proof shifts to the plaintiff to demon-strate that defendant violated clearly established constitutional law. *See Sammons v. Taylor*, 967 F.2d 1533 (11th Cir. 1992) (citing *Zeigler v. Jackson*, 716 F.2d 847 (11th Cir. 1983)); *McCoy v. Webster*, 47 F.3d at 407.

Because Rule 3, ALA.R.APP.P., sets out the specific action to be taken by the clerk of the trial court in the event a notice of appeal is timely filed, the clerk exercises no discretion in that situation. However, determining whether a particular document is actually a notice of appeal must, of necessity, be a discretion-

19

ary function of the clerk.   In this case, it is undisputed that
Hausey filed a "Motion to Discharge Appointed Counsel," and not a
properly identified "notice of appeal."   Although Judge Monk
"noted" Hausey's "notice of desire to appeal," he did not state
that the "Motion to Discharge Appointed Counsel" would be deemed a
notice of appeal, nor did he instruct the clerk to treat Hausey's
"Motion to Discharge Appointed Counsel" as a notice of appeal.
Consequently, the clerk did not take the action required when a
notice of appeal is filed.

      In  this  case,  Hausey  simply  cannot  establish  that
defendants violated clearly established law,  for there are  no
United States Supreme Court, Eleventh Circuit Court of Appeals, or
Alabama Supreme Court decisions holding that failing to treat as a
notice of appeal a document that is not properly identified as a
"Notice of Appeal" and which the trial court has not specifically
deemed to be a notice of appeal constitutes a due process viola-
tion. *See Courson v. McMillian*, 939 F.2d 1479, 1498 & n.2 (11th
Cir. 1991)(in this circuit, "clearly established" law for qualified
immunity purposes consists of decisions by the United States
Supreme Court, the Eleventh Circuit Court of Appeals, or the
highest state court in the state where the case originated that are
in effect at the time of the challenged conduct), *cited in Jenkins
v. Talladega City Board of Education*, 95 F.3d 1036, 1041 (11th Cir.

20

1996), and *Haygood v. Johnson*, 70 F.3d 92, 95 (11th Cir. 1995). The court has found no cases clearly establishing that a document that does not contain the verbiage expected in a notice of appeal, much less the title "Notice of Appeal," is nevertheless to be treated as a notice of appeal so that defendants should have known that failing to treat Hausey's "Motion to Discharge Appointed Counsel" as a notice of appeal would violate plaintiff's due process rights. Because there is no clearly established law on this point, defendants are entitled to qualified immunity even if failing to treat the "Motion to Discharge Appointed Counsel" as a notice of appeal violated plaintiff's rights.

Release From Custody

As part of the relief sought, Hausey requests that his conviction be reversed, that he be released from custody, and that all "charges [be] erased from FBI file/NCIC ESPECIALLY SEX OFFENSE/KIDNAPPING."[5] These types of relief, however, are not appropriate in an action pursuant to 42 U.S.C. § 1983. A state prisoner may challenge the "fact or duration" of his imprisonment only by way of a petition for writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475 (1973); *Watson v. Briscoe*, 554 F.2d 650

---

[5]Hausey added these requests in an amended complaint filed after the court's order for special report was entered. Hausey did not seek to add any new claims or additional factual allegations by way of the amended complaint.

21

(5th Cir. 1977).  The instant complaint cannot be construed to be a petition for writ of habeas corpus because it does not name any appropriate habeas respondent.  A petition for writ of habeas corpus is properly directed to the person having custody of the petitioner, and, in this case, none of the named defendants fill that role.

For the reasons set forth above, defendants' special report is considered as a motion for summary judgment, and, as such, is due to be granted and all of plaintiff's claims are due to be dismissed with prejudice.  An appropriate judgment will be entered.

DONE this 26th day of March, 1997.

JAMES H. HANCOCK
SENIOR U.S. DISTRICT JUDGE

22